UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK, FRANKFURT AM MAIN, NEW YORK BRANCH, § § § § *Plaintiff*, § § vs. § PHAN V. PHAM, § § *Defendant*. § | § § § § § § § § § § § | CIVIL ACTION H-10-1632 |

### MEMORANDUM AND ORDER

Before the court is plaintiff DZ Bank Deutsche Zentral-Genossenschaftsbank, Frankfurt AM Main, New York Branch's motion for entry of default and default judgment against defendant Phan V. Pham. Dkt. 5. Because Pham did not respond, the court will treat the motion as unopposed. *See* S.D. TEX. LOC. R. 7.4 ("Failure to respond will be taken as a representation of no opposition."). For the following reasons, the motion is GRANTED.

### FACTUAL BACKGROUND

In September 2006, Brooke Credit Corporation loaned Pham $390,000.00, and Pham executed two promissory notes in which he promised to repay that amount. Dkt. 1. In May and June of 2007, Brooke Credit Corporation refinanced the original loan, and Pham executed two more promissory notes totaling $475,537.01 plus an adjustable rate interest of 3.5% above the Prime Rate. Dkt. 1, Exh. 1. Brooke Credit Corporation assigned the loans to Brooke Credit Funding LLC, which pledged the loans as security for its creditors, one of which was DZ Bank. Brooke Credit Funding defaulted on its loans and ultimately surrendered and assigned Pham's loans to DZ Bank. Dkt. 1,

Exhs. 2, 3. According to DZ Bank, Pham defaulted on the loans and, when DZ Bank demanded that Pham pay the outstanding balance of $451, 051.21, Pham failed to do so. Dkt. 1.

## ANALYSIS

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of a default and default judgment are appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Under Rule 5.5 of the Local Rules of the Southern District of Texas, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. TEX. L.R. 5.5.

DZ Bank filed the instant breach of contract lawsuit against Pham on May 6, 2010. Dkt. 1. Pham received service of the summons and complaint at his place of business in Houston, Texas on May 13, 2010. Dkt. 3. The summons advised that an answer was due within 21 days of service and that failure to answer would result in a default judgment. *Id.* Pham failed to answer or otherwise make an appearance. On September 7, 2010, DZ Bank filed a motion for a default judgment. Dkt. 5. DZ Bank served the motion via certified mail, return receipt requested. Dkt. 5 at 4. Pham did not respond to the motion for default. Given Pham's failure to answer the complaint within 21 days, the court has the authority to accept all well-pleaded facts in DZ Bank's complaint as true and to award the relief sought by plaintiff in this action.

DZ Bank seeks payment of the $456,051.21 that Pham failed to pay on the notes. Dkt. 5, Exh. E. Additionally, DZ Bank seeks $60,656.98 in interest, computed using the 365 actual method with the interest rate beginning at 11.75% and then adjusted each time the Prime Rate changed. Dkt. 5, Exh. E. DZ Bank also requests attorneys' fees and costs amounting to $2,557.41. Dkt.5, Exh. F. The court finds the requested relief to be reasonable.

## CONCLUSION

For the foregoing reasons, DZ Bank's requests for entry of default and motion for default judgment are GRANTED.

Signed at Houston, Texas on September 14, 2010.

---
Gray H. Miller
United States District Judge